

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

Nicholas A. Poli

E npoli@orrick.com
D +1 212 506 3788

April 2, 2025

<u>*Via ECF*</u>
Magistrate Judge Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *T.A. Blackburn Law, PLLC and Tyrone Blackburn v. Deposition Solutions, LLC d/b/a Lexitas*, *We Serve Law, and Alexander Vays,* No. 25-cv-01355

Dear Judge Marutollo:

We represent Defendants Depositions Solutions, LLC d/b/a Lexitas ("Lexitas"), We Serve Law ("WSL"), and Alexander Vays ("Vays") in the above-captioned action and submit this letter motion pursuant to Rule VI.A.1 and 2 of Your Honor's Individual Rules to request a pre-motion conference for leave to file a motion to dismiss Plaintiffs' complaint (the "Complaint"). As a threshold matter, Defendants note that Plaintiff Tyrone Blackburn has exhibited a pattern of filing actions with baseless allegations—including conclusory invocations of federal jurisdiction—and has been referred to the Southern District of New York's Grievance Committee for his actions. *See Zunzurovsky v. Fisher*, 23-cv-10881 (S.D.N.Y. Apr. 3, 2024) at ECF No. 24. As discussed further herein, this action is no different.[1]

Plaintiffs T.A. Blackburn Law, PLLC and Mr. Blackburn, allege they entered into an agreement with Defendants on April 5, 2024, to serve legal documents (the "Service Contract") in connection with a separate lawsuit their client brought and that Defendants subsequently "failed to properly serve the documents," which led to the dismissal of their client's case. Compl. ¶¶ 15-17, 22. Plaintiffs state they paid Defendants $265 to serve the documents. *Id*. ¶ 16. They do not allege any other facts about their client, her case, or whether she has pursued any actions against them.[2] While Plaintiffs are pursuing a $265 breach of contract case, they attempt to bootstrap six legally deficient causes of action to the same underlying set of allegations.

The only specific damages Plaintiffs allege they suffered is the loss of $265, yet they claim—for purposes of invoking diversity jurisdiction—that the amount in controversy in this case is over $75,000. Plaintiffs' claims plainly do not give rise to $75,000 in controversy and therefore the Complaint should be dismissed for lack of subject-matter jurisdiction under Federal Rule of

---

[1] In light of Plaintiffs' baseless and conclusory Complaint, Defendants submit that, per Rule VI.A.4 of the Court's Individual Practices and Rules, this is an appropriate case for the Court to construe this pre-motion conference letter as the Defendants' motion to dismiss.

[2] Plaintiffs also fail to note that the case their client was dismissed from was filed on January 28, 2024, indicating Plaintiffs had failed to serve their client's complaint for over three months before entering the Service Contract.

Civil Procedure 12(b)(1).  Additionally, Plaintiffs fail to plead a claim with respect to their six non-breach of contract claims under Federal Rule of Civil Procedure 12(b)(6).

I.   ARGUMENT

   A.   <u>The Case Must Be Dismissed For Lack Of Subject-Matter Jurisdiction</u>

To invoke diversity jurisdiction, a party must establish that: (1) the amount in controversy exceeds $75,000, exclusive of costs or interest; and (2) there exists complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a).  Here, Plaintiffs' sole allegation as to the amount in controversy is a boilerplate assertion "the amount in controversy exceeds $75,000." Compl. ¶ 7.  Moreover, none of the allegations of harm in the Complaint plausibly support an amount in controversy beyond the $265 they paid for the Service Contract.  *See, e.g., Ulmer v. StreetTeam Software, LLC*, 2023 WL 2306020, at *1-*3 (E.D.N.Y. Feb. 28, 2023).  Without any details, Plaintiffs claim that Defendants' actions forced them to incur litigation expenses, harmed their professional reputation, lost them business opportunities, and exposed them to potential claims of malpractice.  *See, e.g.,* Compl. ¶ 54.  Plaintiffs do not identify the amount of additional expenses they purportedly incurred; why they believe a single case dismissal impacted their reputation; a single lost business opportunity; or any malpractice suit initiated by any client.  Plaintiffs' lone conclusory statement is insufficient to invoke diversity jurisdiction.  *See Kimm v. KCC Trading, Inc.*, 449 Fed. Appx. 85, 85-86 (2d Cir. 2012) (affirming dismissal under 12(b)(1) where plaintiff included conclusory allegations that amount in controversy exceeded $75,000).

   B.   <u>Plaintiffs Have Failed to State a Claim Against The Defendants With Respect To Their Non-Breach of Contract Causes of Action</u>

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 545 (2007).  Plaintiffs' claims rely solely on conclusory assertions and should be dismissed.[3]

   **Second Cause of Action: Negligence (against all Defendants)**

Plaintiffs' negligence claim rests on the same allegations that support their breach of contract claim and should be dismissed as duplicative.  "[I]t is well established that where the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative." *Rockaway Beverage, Inc. v. Wells Fargo & Co.*, 378 F. Supp. 3d 150, 164 (E.D.N.Y. 2019).  Here, Plaintiffs allege that Defendants acted negligently by "[f]ailing to complete service of process" and "[f]ailing to notify Plaintiffs in a timely manner that service had not been completed" (Compl. ¶ 60)—*i.e.*, that Defendants breached the Services Contract.  Further, a claim for negligence "requires a showing of a special relationship of trust or confidence between the parties which creates a duty for one party to impart correct information to another," and generally, "does not arise out of an ordinary arm's length business transaction between two

---

[3] Defendants notified Plaintiffs that Lexitas and We Serve Law are trade names and therefore Lexitas and We Serve Law LLC are not proper parties to this lawsuit.  Plaintiffs agreed to take steps to correct this issue.  Ex. A. Defendants reserve all rights to move to dismiss all claims against those entities if Plaintiffs do not take such steps.

April 2, 2025
Page 3

parties." *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 87 A.D.3d 287, 296 (1st Dep't 2011). Plaintiffs fail to explain the basis for their claim that Defendants owed them a duty of care, including how it arose separately from Defendants' contractual obligations. Compl. ¶ 59.

### Third Cause of Action: Fraudulent Misrepresentation (against all Defendants)

Plaintiffs' fraudulent misrepresentation claim is also duplicative of their breach of contract claim. "A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract." *Gorman v. Fowkes*, 97 A.D.3d 726, 727 (2d Dept. 2012). "A mere misrepresentation of an intent to perform under the contract is insufficient to sustain a cause of action to recover damages for fraud." *Id.* Here, aside from their alleged failure to perform under the parties' agreement, Plaintiffs do not plead any facts suggesting that Defendants had any intent to mislead the Defendants or took any actions to mislead them. Instead, they make conclusory allegations regarding Defendants' business practices that have no proximate cause to the harm allegedly suffered by Plaintiffs. Moreover, fraud must be pled "with particularity, including specific dates and items, if necessary and insofar as practicable." Conclusory allegations of fraud are not sufficient. *See Sargiss v. Magarelli*, 50 A.D.3d 1117, 1118 (2nd Dept. 2008).

### Fourth Cause of Action: N.Y. General Business Law § 349 (against all Defendants)

To assert a prima facie case, a plaintiff "must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" *Catalano v. MarineMax*, 590 F. Supp. 3d 487, 512 (E.D.N.Y. 2022). Plaintiffs' allegations consist exclusively of a handful of cherry-picked, unverified online reviews and the purportedly deceptive actions Defendants directed at Plaintiffs in connection with the Service Contract. Even if accepted as true, allegations of misleading acts directed at the Plaintiffs are insufficient to plead a Section 349 claim because "the plaintiff 'must demonstrate that the acts or practices have a broader impact on consumers at large.'" *See id*.

### Fifth and Sixth Causes of Action: Vicarious and Successor Liability (against Lexitas)

Plaintiffs' fail to plead any facts regarding the specific terms of the corporate relationship between Lexitas and WSL entities or Lexitas's involvement in the actions alleged against WSL to support their vicarious and successor liability claims. *Sgaliordich v. Lloyd's Asset Mgmt.*, 2011 WL 441705, at *7 (E.D.N.Y. Feb. 8, 2011) (dismissing successor liability claim where "the complaint ha[d] alleged nothing about the relationship between [the two relevant entities] or how [one entity] 'became' [the other]").

### Seventh Cause of Action: Civil Conspiracy (against all Defendants)

"New York does not recognize an independent tort of conspiracy." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). "As a result, where a plaintiff 'fails to state causes of action for [any] of the torts underlying the alleged conspiracy, . . . [the plaintiff] necessarily fails to state an actionable claim for civil conspiracy.'" *Id.* Accordingly, as Plaintiffs have failed to state any tort claims, for the reasons discussed above, their conspiracy claim must also be dismissed. *See, e.g., Palmer v. City of New York*, 564 F. Supp. 3d 221, 244 (E.D.N.Y. 2021).

April 2, 2025
Page 4

                Respectfully Submitted,

                */s/ Nicholas A. Poli*
                Nicholas A. Poli

Cc: All counsel of record