

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY, DC & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

April 2, 2025

Hon. Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** Response to Defendants' April 2, 2025
Pre-Motion Letter and Motion to Strike

Dear Judge Marutollo:

Plaintiffs respectfully submit this letter in response to Defendants' April 2, 2025, pre-motion letter (ECF No. 15) and, according to Fed. R. Civ. P. 12(f), move to strike the immaterial and prejudicial portions of that filing. Plaintiffs also notify the Court of their intent to pursue Rule 11(b) sanctions for frivolous motion practice and knowingly false factual assertions. The letter from Defendants' counsel reflects neither the law nor the record and is designed solely to delay the inevitable adjudication of a clear and well-pleaded case.

I. **Defendants' Letter Contains Scandalous Material and Should Be Stricken**

Under Rule 12(f), courts may strike any material that is "immaterial, impertinent, or scandalous." Courts have routinely held that ad hominem attacks, including gratuitous references to unrelated disciplinary matters, are improper and prejudicial. The Second Circuit cautions that while motions to strike are disfavored, they are appropriate where a pleading serves no role other than to "improperly cast a derogatory light" on a party or attorney. (*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976)).

We respectfully move to strike:
- The opening paragraph and footnote referencing unrelated SDNY proceedings and alleged grievance referrals;
- The characterization of this case as "baseless," "conclusory," or a mere "$265 dispute," without any citation to or analysis of the well-pleaded record;

 347-342-7432     tblackburn@tablackburnlaw.com     TABlackburnlaw.com



- References to this action as a "billing exercise" or "tactic" intended for harassment are unfounded, prejudicial, and unsupported.

These remarks are not only improper but risk poisoning the record with irrelevant and defamatory content. Their presence in a pre-motion letter, rather than a properly filed motion supported by evidence, underscores the need for judicial intervention under Rule 12(f).

II. **The Complaint Is Well-Pleaded and Jurisdictionally Sound**

   A. <u>Plaintiffs' Damages Far Exceed $75,000</u>

   The Complaint plausibly alleges more than $300,000 in compensatory, reputational, and consequential losses. This includes the value of a dismissed federal claim, lost client trust, and prospective liability exposure. Courts have consistently held that when the amount in controversy is facially supported by well-pleaded allegations, jurisdiction exists unless it appears "to a legal certainty" that the claim is really for less (*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

   Damages, including reputational harm and lost business, may be aggregated with emotional distress and punitive damages to meet § 1332's threshold (*Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994)).

   The defendants' attempt to characterize this as a $265 breach-of-contract dispute ignores the Complaint's detailed allegations and is legally indefensible.

   B. <u>The Fraud and GBL § 349 Claims Are Legally Sufficient</u>

   The Complaint specifically pleads the "who, what, when, where, and how" of Defendants' fraud, satisfying Rule 9(b)(*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 187 (2d Cir. 2004)). It alleges that Defendants knowingly submitted false affidavits of service and misrepresented the status of the legal process, which led directly to the dismissal of a meritorious case.

   Further, Plaintiffs' claim under New York General Business Law § 349 is properly pleaded under Rule 8(a), not Rule 9(b), as § 349 does not require proof of reliance or scienter (*Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005)). The Complaint alleges a pattern of deceptive consumer-oriented conduct and injury resulting from those acts—this satisfies the test set forth in *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000).



## T. A. Blackburn Law

    The defendant's assertion that these claims are duplicative or insufficient is unsupported by case law. The causes of action arise from conduct that exceeds breach of contract and include willful deception, pattern-based consumer fraud, and statutory violations targeting the integrity of legal proceedings.

III. **Defendants' Pre-Motion Letter Misstates the Record and Veers into Improper Personal Attacks**

    Plaintiffs will not sully themselves by engaging in the baseless and inflammatory ad hominem attacks in Defendants' letter. We will not dignify their tactics but respond to the factual record.

    The record is clear:

1. Plaintiffs paid Defendants $265 for process service on April 5, 2024;
2. Defendants falsely claimed service had been completed and provided no affidavit of service;
3. Plaintiffs followed up multiple times before Defendants finally admitted—on a recorded call and in a sworn affidavit—that they had failed to timely effect service;
4. As a result of that failure, Plaintiffs' client's case was dismissed with prejudice;
5. Plaintiffs and their clients are out more than $300,000 in damages, including lost claims, remediation costs, reputational harm, and litigation expenses.

    The defendants' letter disregards the detailed allegations and supporting documents attached to the Plaintiffs' Complaint and instead attempts to recast this as a "$265 dispute," which is factually and legally indefensible.

IV. **Defendants' Conduct Warrants Sanctions Under 28 U.S.C. § 1927**

    Plaintiffs respectfully place the Court on notice of their intent to seek sanctions against Defendants' counsel according to 28 U.S.C. § 1927, which provides that:

> "Any attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

    The Second Circuit has held that sanctions under § 1927 are appropriate where an attorney's conduct is undertaken in bad faith, is entirely without color, and is motivated by improper purposes such as delay, harassment, or obstruction. See *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143–46 (2d Cir. 2012). A finding of subjective bad faith is not required when the objective conduct reveals an intent to multiply proceedings improperly. See *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992).

    Here, Defendants' counsel:

Case 1:25-cv-01355-JAM    Document 17    Filed 04/03/25    Page 4 of 4 PageID #: 77



- Ignored the detailed factual record and well-pleaded allegations in favor of defamatory personal attacks;
- Mischaracterized a $300,000-plus professional and reputational loss as a $265 breach-of-contract dispute;
- Invoked proceedings solely to prejudice the Court;
- Filed a pre-motion letter that attempts to sideline the merits through improper collateral smears.

This is not zealous advocacy. It is gamesmanship designed to chill the litigation, intimidate opposing counsel, and increase costs. In *Enmon*, the Second Circuit affirmed § 1927 sanctions against attorneys who filed procedurally improper and substantively meritless motions as part of a campaign of obstruction. The conduct in this case is similarly without color, and the improper motives are self-evident from the record.

Plaintiffs will seek to hold Defendants' counsel personally responsible for the fees and costs expended in responding to this meritless pre-motion strategy and for any future conduct undertaken in similar bad faith. A full record of the pattern of behavior will be presented in the sanctions motion.

V.     **Conclusion**

Plaintiffs respectfully request that the Court:

1. Deny Defendants' request for a pre-motion conference;
2. Strike the identified portions of Defendants' April 2 letter under Rule 12(f);
3. Set a schedule for discovery to proceed immediately, with the understanding that the Plaintiffs intend to move for summary judgment at the close of discovery, which need not exceed six months.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

347-342-7432     tblackburn@tablackburnlaw.com     TABlackburnlaw.com