

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

Nicholas A. Poli

E  npoli@orrick.com
D  +1 212 506 3788

April 24, 2025

*Via ECF*
Magistrate Judge Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *T.A. Blackburn Law, PLLC, Tyrone Blackburn, and Fari Murray v. Deposition Solutions, LLC d/b/a Lexitas*, *We Serve Law, Alexander Vays, and John Habermehl*, No. 25-cv-01355

Dear Judge Marutollo:

We represent Defendants Deposition Solutions, LLC d/b/a Lexitas and We Serve Law, and Alexander Vays in the above-captioned action (collectively, "Defendants")[1] and submit this letter to request immediate dismissal of Plaintiffs' Amended Complaint (ECF No. 21) or, in the alternative, a pre-motion conference.  While Defendants are prepared to file their forthcoming motion to dismiss the Amended Complaint on the schedule ordered by Your Honor, it has come to Defendants' attention that there is no diversity between the parties and the Amended Complaint must be dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1332.

In the Amended Complaint, Plaintiffs added John Habermehl as a Defendant and issued a summons to Mr. Habermehl on April 23, 2025.  ECF No. 25.  The Summons identifies Mr. Habermehl's address as 52 Graw Road, Nassau, NY 12123.  Defendants have independently confirmed that the address in the Summons is correct to the best of Defendants' knowledge. Because Plaintiffs are citizens of and domiciled in New York, *see* ECF No. 21 ¶¶ 14-16, Mr. Habermehl's addition as a defendant destroys diversity jurisdiction, which under 28 U.S.C. § 1332(a)(1), requires plaintiffs and defendants be "citizens of different States."  *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (quoting 28 U.S.C. § 1332(a)(1)).  Lack of diversity jurisdiction requires immediate dismissal.  *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 41–42 (2d Cir. 2000) (affirming the district court's adoption of the magistrate judge's recommendation "that the action be dismissed for lack of diversity jurisdiction.").

On April 23, 2025, Defendants promptly notified Plaintiffs that "Mr. Habermehl's New York address destroys any argument for diversity jurisdiction in this matter," and requested that Plaintiffs voluntarily dismiss the Action from federal court.  *See* Exhibit A.  To date, Plaintiffs have not responded to Defendants' request or taken steps to dismiss this action.  In order to conserve judicial resources and because this Court does not have subject-matter jurisdiction, Defendants respectfully request that this Court dismiss this action.

---

[1]  We do not represent defendant John Habermehl.

April 24, 2025
Page 2

      Alternatively, Defendants are available at the Court's convenience for a conference to discuss this matter further.

                                  Respectfully Submitted,

                                  */s/ Nicholas A. Poli*
                                  Nicholas A. Poli

Cc: All counsel of record